IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO AGUILERA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-00526 |
| | § | |
| DUSTIN HENSON AND SWIFT | § | |
| TRANSPORTATION SERVICES, LLC | § | JURY REQUESTED |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, SWIFT TRANSPORTATION SERVICES, LLC, and hereby gives notice of its removal of Cause No. 2014-01366 filed in the 281st Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1.     On or about August 15, 2013, a three car motor vehicle accident occurred at the 5600 block of 610 West Loop South in Houston, Texas allegedly involving all the parties, as well as Kelly Kahler and Martin Mendez, who are not parties to this lawsuit. Plaintiff claims he was injured when a Swift truck driven by Dustin Henson hit him from behind. Plaintiff claims he was injured as a result of this collision and filed suit in state court.

2.     Plaintiff filed suit in state court on January 13, 2014. Service of Citation and Complaint was made on Swift Transportation Services, LLC on February 6, 2014. Defendant Dustin Henson has yet to be served. In Plaintiff's Original Petition there was a general claim for damages in an amount that exceeds the jurisdictional minimum. The case has been on file for less than one year. Removal is both timely and appropriate.

**Basis for Removal and Jurisdiction**

3.      This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

**Full Diversity Between the Parties**

*Diversity of Citizenship*

4.      To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties as the Plaintiff is a Texas citizen and none of the Defendants are Texas citizens or corporations.

5.      Plaintiff, Julio Aguilera, is a resident and citizen of the State of Texas.

6.      Defendant, Dustin Henson, is a resident and citizen of the State of Louisiana.

7.      Defendant, Swift Transportation Services, LLC is an Arizona corporation with its principal place of business in Phoenix, Arizona.

*Amount Controversy*

8.      In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

9.      Plaintiff is seeking more than $1,000,000.00 in damages, as stated in the case information sheet filed in state court.

## Removal is Timely and Appropriate

10.     If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove. 28 U.S.C. § 1446(b). A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds. 28 U.S.C. § 1446(b). When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).    "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). When a complaint does not allege a specific amount of damages, as here, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Id.* The Court must first examine the plaintiff's pleading to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *Greenburg*, 134 F.3d at 1253; *See also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount). Here, Plaintiff is making a negligence claim against Defendants and on the case information sheet filed with the Petition states he is seeking more than $1,000,000.00.

11.     Thus, less than 30 days have passed since Plaintiff filed suit against Defendants, and Plaintiff has announced that he is seeking damages in excess of $75,000.00. The removal is both timely and appropriate.

## Jury Demanded

12.     Defendant requests that the case be tried before a jury.

**Consent of All Served Defendants**

13.     Defendant has been properly served and consents to this removal. Defendant Dustin Henson has yet to be served.

**Compliance with Local Rule and Notice Requirements**

14.     Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

> Exhibit A............Plaintiff's Original Petition, Requests for Disclosure, Request for Production, Requests for Admission and Interrogatories
>
> Exhibit B............Plaintiff's Case Information Sheet

Defendant knows of no orders signed by the state judge.

15.     Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff. A true and correct copy of this Notice of Removal also will be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

/s/ Roger D. Oppenheim

Roger D. Oppenheim
FBN: 14206
SBN: 15292400
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
SWIFT TRANSPORTATION SERVICES,
LLC

## CERTIFICATE OF SERVICE

On this 3rd day of March, 2014, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Perry Zivley, Jr.
Ms. Diana Lizmi
**Chandler, Mathis & Zivley, PC**
601 Sawyer Street, Ste. 600
Houston, TX 77007

/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim

544194.1 PLD 0011310 9159 RDO

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO AGUILERA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-00526 |
| | § | |
| DUSTIN HENSON AND SWIFT | § | |
| TRANSPORTATION SERVICES, LLC | § | JURY REQUESTED |

## INDEX OF MATTERS BEING FILED

Defendant, SWIFT TRANSPORTATION SERVICES, LLC, in connection with the

removal of this case to the United States District Court for the Southern District of Texas, Houston

Division, files its index of matters, as follows:

Exhibit A............Plaintiff's Original Petition, Request for Disclosures, Request for
Production, Requests for Admission and Interrogatories

Exhibit B............Plaintiff's Case Information Sheet

Respectfully submitted,

**LORANCE & THOMPSON, P.C.**

/s/ Roger D. Oppenheim

Roger D. Oppenheim
FBN: 14206
SBN: 15292400
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
SWIFT TRANSPORTATION SERVICES,
LLC

## CERTIFICATE OF SERVICE

On this 3rd day of March, 2014, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Perry Zivley, Jr.
Ms. Diana Lizmi
**Chandler, Mathis & Zivley, PC**
601 Sawyer Street, Ste. 600
Houston, TX 77007

/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim

544194.1 PLD 0011310 9159 RDO

1/13/2014 4:44:27 PM
Chris Daniel - District Clerk Harris County
Envelope No. 198808
By: Nelson Cuero

**2014-01366 / Court: 281**

CAUSE NO. _____

| | | |
|---|---|---|
| JULIO AGUILERA | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| VS. | § | |
| | § | |
| | § | |
| DUSTIN HENSON AND | § | |
| SWIFT TRANSPORTATION | § | _____ JUDICIAL DISTRICT |
| SERVICES, LLC | § | |
| *Defendants* | § | |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS AND INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff JULIO AGUILERA, complaining of and against DUSTIN HENSON and SWIFT TRANSPORTATION SERVICES, LLC (hereinafter jointly referred to as "Defendants") and for cause of action would respectfully show the Court the following:

**I.**
**Discovery**

1.1    Discovery is intended to be conducted under Level 3 and Plaintiff hereby moves for a level 3 discovery plan.

**II.**
**Parties**

2.1    At the time of the incident made the basis of this suit Plaintiff, JULIO AGUILERA, was a resident of Houston, Texas.

2.2    Defendant, DUSTIN HENSON ("Henson"), is a resident of Calhoun, Louisiana who may be served with citation at his residence located at 342 Jim Finley Rd., Calhoun, Louisiana 71225.

Certified Document Number 9011 Page 1 of 1


DEFENDANT'S
EXHIBIT
a

2.3     Defendant, SWIFT TRANSPORTATION SERVICES, LLC ("Swift Transportation"), is a limited liability company registered to do business in the state of Texas and may be served with citation through its registered agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### III.
### Jurisdiction & Venue

3.1     Venue in this cause of action is proper in Harris County pursuant to §15.002(a)(1) and (2) and §15.005, as the collision in question took place in Harris County, Texas.

### IV.
### Factual Background

4.1     On or about August 8, 2013, Plaintiff, JULIO AGUILERA, was driving northbound on Interstate Highway 610 in Houston, Texas when suddenly and unexpectedly Defendant DUSTIN HENSON, struck Plaintiff's car from behind, causing him to strike another vehicle. The collisions caused serious and extreme personal injuries to Plaintiff, for which he now sues to recover.

4.2     Nothing Plaintiff did or failed to do on the occasion in question caused or in any way contributed to cause his severe injuries.

### V.
### Cause of Action

5.1     At the time of the incident made the basis of this suit the tractor-trailer being driven by Henson was owned by Swift Transportation. On information and belief, Henson was operating his vehicle in the course and scope of his employment with Swift Transportation. Accordingly, Swift Transportation is vicariously liable to Plaintiff for the acts and omissions complained of herein.

2

Certified Document Number□ 9□ □ □ 11□ □ Page □ of 1□

5.2     The occurrence made the basis of this suit, referred to above, together with the resulting injuries and damages to the Plaintiff, was proximately caused by the negligence and carelessness of the Defendants in one or more of the following ways:

a.     In failing to keep a proper lookout;

b.     In failing to make a timely and proper application of his brakes;

c.     In failing to turn his vehicle to avoid striking Plaintiff's vehicle; and

d.     In failing to control his speed.

5.3     Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## VI.
## Damages

6.1     Defendants' negligence proximately caused Plaintiff to suffer serious bodily injuries and damages.  Plaintiff hereby seeks to recover all damages, both past and future, to which he may show himself justly entitled under Texas law, including, but not limited to, past and future physical pain;  mental anguish; physical impairment; loss of earnings;  loss of earning capacity; loss of household services; and medical expenses.

6.2     By reason of all of the above, the Plaintiff has suffered losses and damages in a sum that exceeds the minimum jurisdictional limits of this Court and for which he now sues.

6.3     Plaintiff further sues for pre-judgment interest in accord with applicable law, and for pre-judgment and post-judgment interest.

## VII.
## Jury Demand

7.1     Plaintiff hereby respectfully demands a trial by jury.

7.2    WHEREFORE, the Plaintiff requests that Defendants be cited to appear and answer and that on final trial Plaintiff have:

      a.      Judgment against the Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the maximum legal rate until judgment;

      b.      Pre-Judgment and Post-Judgment Interest at the maximum legal rate until paid;

      c.      Costs of suit; and

      d.      Such other and further relief to which the Plaintiff may be justly entitled.

## WRITTEN DISCOVERY

Please find Plaintiff's Request for Disclosure, Request for Production, Request for Admissions and Interrogatories, included below as part of this Original Petition.

### A.  PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS

Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

### B.  PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants produce for inspection and copying, within fifty (50) days of service of this request, the following documents:

1.    A copy of the Defendant Dustin Henson's driver's license.

**RESPONSE:**

2.    A copy of the title to the vehicle Defendant Dustin Henson was driving at the time of the incident in question.

**RESPONSE:**

4

Certified Document Number: 59001111 - Page 11 of 11

3.      Any and all photographs that Defendants have of the vehicles (whether plaintiff or defendants), parties, or scene in question following the collision.

        **RESPONSE:**

4.      A copy of any damage appraisal made of the Defendants' vehicle.

        **RESPONSE:**

5.      A copy of any repair invoice of the Defendants' vehicle.

        **RESPONSE:**

6.      Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendants or the automobile being driven by defendant at the time in question.

        **RESPONSE:**

7.      Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

        **RESPONSE:**

8.      Any and all drawings, maps or sketches of the scene of the wreck which has been made the basis of this lawsuit.

        **RESPONSE:**

9.      A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

ertified Document umber 9 0 11 0 Page of 1

**RESPONSE:**

10. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

**RESPONSE:**

11. A copy of any surveillance movies, video or audio recordings, or photographs which have been made of plaintiff.

**RESPONSE:**

12. Any and all photographs, movies, videotape or other reproduction that Defendants have of the scene of the wreck.

**RESPONSE:**

13. Copies of any witness statements that are relevant to the collision in question that are not privileged by law.

**RESPONSE:**

14. Copies of any traffic citation and/or criminal charges Defendant received as a result of this collision and any documents reflecting the name and location of the Court involved, the violations of the law charged in that citation or charge, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

**RESPONSE:**

15. Please be advised that pursuant to Rule 609 of the Texas Rules of Court, in the event Defendants intend to rely upon any criminal charge, complaint, indictment or conviction as regards the Plaintiff or any witness that may appear for the Plaintiff, you are given notice that Plaintiff intends to rely upon 609 of the Texas Rules of Evidence and specifically requests any and all documents with information regarding the criminal charge, complaint, indictment, disposition or conviction upon which Defendants intend to rely.

**RESPONSE:**

16.     Provide any and all documentation you have created, authored, or in any way contributed content from any internet site which is relevant to any issues in this lawsuit, including but not limited to MySpace, Facebook or any similar website.

**RESPONSE:**

17.     Provide any and all documentation you have obtained from any internet site regarding the Plaintiff which is relevant to any issues in this lawsuit, including but not limited to, MySpace, Facebook, or any similar website.

**RESPONSE:**

18.     Provide any and all bills or other documents which would reflect any placed or received cellular telephone calls, emails, text messages, or multimedia message using a mobile phone or other electronic device on the day of the incident forming the basis of this lawsuit.

**RESPONSE:**

19.     If not produced in response to Request No. 18, please produce a copy of the August 8, 2013 billing records for any cellular telephone Dustin Henson was using, or was available for his use, on the day of the wreck forming the basis of this lawsuit.

**RESPONSE:**

20.     All physical evidence including the vehicles, trailers and equipment involved in the incident made the basis of this suit.

**RESPONSE:**

21.     All driver logs of Dustin Henson, including, but not limited to the 6 month time period preceding this wreck.

**RESPONSE:**

22.     Employment files and driver qualification files of Dustin Henson;

**RESPONSE:**

23.     Video or audio recordings which may be relevant to the claims and/or defenses of this case.

Certified Document Number 9011 Page of 1

**RESPONSE:**

24.   Photographs and video or audio recordings which may be relevant to the claims and/or defenses of this case.

   **RESPONSE:**

25.   Data pertaining to Dustin Henson and/or the tractor/trailer involved in this wreck as well as all other tractors or trailers operated by Dustin Henson derived from: electronic control modules, satellite tracking programs, wireless satellite communications, event data recorders, fuel cards, trip receipts, expense receipts, fuel receipts, meal receipts/tickets, and any other systems used for fleet management.

   **RESPONSE:**

26.   Data from the collision warning systems from the tractor and/or trailer involved in this wreck.

   **RESPONSE:**

27.   Bills of lading for the items or goods shipped in the wreck, as well as all such documents contained in the driver file of Dustin Henson.

   **RESPONSE:**

28.   Employment/Contractor/Lease/Purchase agreements pertaining to Dustin Henson and/or the tractor or trailer involved in this wreck.

   **RESPONSE:**

29.   All Drug and Alcohol tests of Dustin Henson.

   **RESPONSE:**

30.   Any documents sent or received from any broker(s) involved in the shipment hauled at the time of this wreck as well as any contractual agreements with said broker(s).

   **RESPONSE:**

31.   Maintenance and repair records of the tractor and/or trailer involved in this wreck.

   **RESPONSE:**

Certified Document Number 90110 - Page 8 of 11

## C. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendants answer the following Request for Admissions, within fifty (50) days of service of

this request:

1. Admit that Dustin Henson was operating the truck involved in the wreck forming the basis of this lawsuit.

   **RESPONSE:**

2. Admit that Dustin Henson failed to control his speed and caused the wreck forming the basis of this lawsuit.

   **RESPONSE:**

3. Admit that Dustin Henson failed to keep a proper lookout and caused the wreck forming the basis of this lawsuit.

   **RESPONSE:**

4. Admit that Dustin Henson failed to make a timely application of his brakes and caused the wreck forming the basis of this lawsuit.

   **RESPONSE:**

5. Admit that Dustin Henson failed to make a sufficient application of his brakes and caused the wreck forming the basis of this lawsuit.

   **RESPONSE:**

6. Admit you know of no act or omission on the part of Plaintiff Julio Aguilera that caused, or in any way contributed to cause, the wreck in question.

   **RESPONSE:**

7. Admit that Dustin Henson failed to operate the vehicle as a person of ordinary prudence would have done under the same or similar circumstances at the time of the collision forming the basis of this lawsuit.

Certified Document Number: 59011110 - Page 9 of 10

**RESPONSE:**

8.   Admit that Dustin Henson hit Julio Aguilera's 1996 Volkswagen Jetta from the rear with his tractor-trailer.

**RESPONSE:**

## D.  <u>PLAINTIFF'S INTERROGATORIES TO DEFENDANTS</u>

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants produce for inspection and copying, within fifty (50) days of service of this request, the following documents:

1.   Please state Dustin Henson's full name, address, occupation and present employment or if retired, state his last place of employment.

**ANSWER:**

2.   State the name and address of the owner and all occupants of the vehicle which Dustin Henson was operating at the time of the collision.

**ANSWER:**

3.   State where Dustin Henson had been just prior to the collision, where he was going at the time of the collision, and the purpose of the trip.

**ANSWER:**

4.   Describe in your own words how the collision occurred.

**ANSWER:**

5.   If Defendants contend any person other than yourselves, objects, defects in the roadway, tangible items or defects in equipment, caused or contributed to cause the collision forming the basis of this lawsuit, please describe in detail the factual basis of that contention.

**ANSWER:**

6.   If you contend you were not negligent in causing, or contributing to cause the wreck forming the basis of this lawsuit, please describe in detail the factual basis of that contention.

**ANSWER:**

7.   State the speed of the vehicle Dustin Henson was driving at all times material to the collision in question, including specifically his speed at the time of impact, and if his brakes were on at the time of impact, please state his speed before applying his brakes.

**ANSWER:**

8.   State in detail what intoxicating beverages, if any, Dustin Henson had consumed and what drugs or medications, if any, Dustin Henson had taken during the twenty-four-hour period immediately preceding the collision.

**ANSWER:**

9.   Describe in detail what damage, if any, was done to the vehicle Dustin Henson was operating in the collision, and give the cost of repair of the vehicle.

**ANSWER:**

10.  Describe in detail what injuries, if any, Dustin Henson received in the collision.

**ANSWER:**

11.  Describe in detail any conversations either Defendants have had with the plaintiff or plaintiff's representative following the collision in question.

**ANSWER:**

12.  Describe any traffic citation and/or criminal charges Defendant received as a result of this collision by stating the name and location of the Court involved, the violations of the law charged in that citation or charge, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

**ANSWER:**

Certified Document Number 9011 Page 11 of 11

13.    State whether or not Dustin Henson was acting within the course and scope of any agency, employment, or service at the time of collision, and describe the type of relationship of the persons involved.

**ANSWER:**

14.    Describe any criminal record Dustin Henson may have, including the nature of the charge, date and place of arrest, and conviction, if any.

**ANSWER:**

15.    If Defendants contend the plaintiff was negligent, or caused or contributed to cause the wreck forming the basis of this lawsuit in any manner, please state the factual basis of that contention.

**ANSWER:**

16.    If Defendants contend this was an unavoidable accident, please state the factual basis of that contention.

**ANSWER:**

17.    Please be advised that pursuant to Rule 609 of the Texas Rules of Court, in the event Defendants intend to rely upon any criminal charge, complaint, indictment or conviction as regards the Plaintiff or any witness that may appear for the Plaintiff, Defendants are given notice that Plaintiff intends to rely upon 609 of the Texas Rules of Evidence and specifically requests information regarding the exact nature of the criminal charge upon which you rely, the exact name of the person that has been charged (if it is not the Plaintiff) and state in detail exactly what the charge consisted of, where the charge was made and what court it was filed in, and in which county charges were made.

**ANSWER:**

18.    Please state the name, address, and telephone number of: (a) any person who is expected to be called to testify at trial and (b) any rebuttal and/or impeachment witnesses whose testimony can be reasonably anticipated before trial.

**ANSWER:**

19.    State whether or not the Defendants have caused to be made, directly or indirectly, any motion pictures, still photographs, any personal observations or any other type surveillance activities or portrayals of the Plaintiff.

In connection with the answers to this question, please identify:

12

The name, address and telephone number of any such person that has any motion pictures, still photographs, or has made personal observation of the Plaintiff and further state the type of evidence acquired as a result of surveillance or other type of observation of any such person of the Plaintiff.

Please answer in detail.

**ANSWER:**

20.   If Dustin Henson placed or received a call, or sent or received an email, text, or multimedia message using a mobile phone or other electronic device during the 20 minutes preceding or following the occurrence in question, identify the name of the person whom he spoke or otherwise communicated with, the manner in which you communicated with that person (i.e. by telephone call, text message, or email), the exact time the communication took place, the nature of his conversation or communication, and whether he was using his mobile phone to talk or communicate with that person at the time of the occurrence in question.  Also, please identify his service provider and the phone number of the device he were using.

**ANSWER:**

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, PC

/s/W. Perry Zivley, Jr.
W. PERRY ZIVLEY, JR.
State Bar No.22280050
601 Sawyer, Suite 600
Houston, Texas 77007
Telephone: (713) 739-7722
Facsimile:  (713) 739-0922

/s/Diana J. Lizmi
DIANA J. LIZMI
State Bar No. 24087936
601 Sawyer, Suite 600
Houston, Texas 77007
Telephone: (713) 739-7722
Facsimile:  (713) 739-0922

ATTORNEYS FOR PLAINTIFF,
JULIO AGUILERA

13

## CERTIFICATE OF SERVICE

I, W. Perry Zivley, Jr. do hereby certify that a true and correct copy of the foregoing *Plaintiff's Original Petition, Request for Disclosures, Request for Production, Request for Admissions and Interrogatories* was served by certified mail on this the 13th day of January, 2014 upon the following:

National Registered Agents, Inc.
1999 Bryan St., Ste. 900
Dallas, Texas 75201.

Dustin Henson
342 Jim Finley Rd.
Calhoun, Louisiana 71225

/s/W. Perry Zivley, Jr.
W. PERRY ZIVLEY JR.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 3, 2014

Certified Document Number:          59228118 Total Pages:  14

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/13/2014 4:44:27 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 198808
By: CUERO, NELSON

# CIVIL CASE INFORMATION SHEET (REV. 1/13)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **2014-01366 / Court: 281**   COURT *(FOR CLERK USE ONLY)*:

STYLED **Julio Aguilera vs. Dustin Henson And Swift Transportation Services, LLC**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** W. Perry Zivley, Jr. <br><br> **Email:** pzivley@cmzlaw.net <br><br> **Address:** 601 Sawyer St., Ste. 600 <br><br> **City/State/Zip:** Houston, TX 77007 <br><br> **Signature:** *(signature)* <br><br> **Telephone:** 713-739-7722 <br> **Fax:** 713-739-0922 <br> **State Bar No:** 22280050 | **Plaintiff(s)/Petitioner(s):** Julio Aguilera <br><br> **Defendant(s)/Respondent(s):** Dustin Henson And Swift Transportation Services, LLC <br><br> [Attach additional page as necessary to list all parties] | ☑ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ <br><br> **Additional Parties in Child Support Case:** <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| | Civil | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: _____ <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: _____ | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: <br> ☑ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: _____ <br><br> ☐ Other Injury or Damage: _____ | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: _____ <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: _____ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br> **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: _____ | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: _____ | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Certified Document Number: 59228119 - Page 1 of 1

**DEFENDANT'S EXHIBIT** B



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 30, 2014

Certified Document Number:        59228119 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**